EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
DANIEL ROGERS, State Bar No. 204499
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2283
Fax: (619) 645-2191
Email: Daniel.Rogers@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIKE BREWER,**<br>Petitioner,<br>**v.**<br>**JOHN SALAZAR, Warden,**<br>Respondent. | 08cv0029-H (PCL)<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
DANIEL ROGERS, State Bar No. 204499
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2283
Fax: (619) 645-2191
Email: Daniel.Rogers@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIKE BREWER,**<br><br>Petitioner,<br><br>**v.**<br><br>**JOHN SALAZAR, Warden,**<br><br>Respondent. | 08cv0029-H (PCL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

## STATEMENT OF THE CASE

On April 14, 2006, Petitioner pled guilty in San Bernardino County Superior Court case number FSB050394 to one count of failing to register as a sex offender (Cal. Penal Code § 290(g)(2)) and admitted a prior conviction under the Three Strikes law (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)). The trial court sentenced Petitioner to a term of six years in state prison. (Lodgment 2; Lodgment 3; Lodgment 4.) Petitioner did not appeal his conviction. (Pet. at 2.)

On February 27, 2007, Petitioner filed a petition for writ of habeas corpus in the San Bernardino County Superior Court in case number SWHSS-9257. (Lodgment 5.) On March 6,

2007, the superior court denied the petition. (Lodgment 6.)

On March 21, 2007, Petitioner filed a second petition for writ of habeas corpus in the San Bernardino County Superior Court under the same case number. (Lodgment 7.) On April 2, 2007, the superior court denied the petition. (Lodgment 8.)

On April 17, 2007, Petitioner filed additional documents in the superior court relating to his prior habeas petitions.[1/] The superior court treated this as a request for reconsideration, which it granted, and, upon reconsideration, again denied the petition. (Lodgment 9.)

On April 13, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal in case number E042796. (Lodgment 10.) On April 19, 2007, the Court of Appeal denied the petition without citation or comment. (Lodgment 11.)

On May 3, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court in case number S152456. (Lodgment 12.) On October 31, 2007, the California Supreme Court denied the petition without citation or comment. (Lodgment 13.)

On January 4, 2008, Petitioner filed the instant federal Petition. On January 16, 2008, this Court ordered a response to the Petition.

## STATEMENT OF FACTS

As Petitioner's claims are related solely to his sentencing, Respondent omits the customary Statement of Facts.

## ARGUMENT

### I.

### PETITIONER'S CHALLENGES TO THE DENIAL OF 50% GOOD-TIME/WORK-TIME CREDITS FAIL TO PRESENT A FEDERAL QUESTION AND ARE BARRED BY VIRTUE OF HIS GUILTY PLEA

In his first claim, Petitioner contends that his due process rights are being violated because he is receiving 15% good-time/work-time custody credits, rather than the 50% credits he believed

---

1. Respondent does not possess the additional documents identified in the superior court's April 17, 2007, Order as having been filed by Petitioner.

he would receive at the time of his plea bargain.[2/] In his third claim, Petitioner contends that his due process rights were violated because his prior strike conviction, which limited his eligibility to good-time/work-time credits, was neither pled nor proved. (Pet. at 6, 8.) In the first instance, Petitioner's first claim fails to present a federal question. Petitioner's claims are further barred by the fact of his guilty plea under *Tollet v. Henderson*, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) and are unsupported by the record.

Federal habeas corpus lies only to correct violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984). At best, Petitioner is alleging that the state courts misapplied California law in determining his eligibility for good-time/work-time credits. However, such an error of state law is not cognizable on federal habeas corpus. Petitioner's bare allegation of a due process violation is unavailing, as he cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996). Moreover, the Ninth Circuit has previously held that California Penal Code section 2933, which provides for 50% good-time/work-time credits for eligible offenders (which Petitioner is not), does not create a constitutionally protected liberty interest. *See Kalka v. Vasquez,* 867 F.2d 546, 547 (9th Cir.1989); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir.1986). Accordingly, Petitioner's federal rights are simply not implicated by the state courts' determination of his eligibility for good-time/work-time credits.

Petitioner's constitutional challenge is further barred by the fact of his guilty plea under

---

2. Petitioner seems to allege that he is accruing good-time/work-time credits at a rate of 15% pursuant to California Penal Code section 2933.1(a), which limits good-time/work-time credits for those convicted of a violent felony. (Pet. at 6, 8.) It appears the superior court made this same assumption when it indicated that Petitioner was entitled to accrue credits at the 15% rate. (Lodgment 6.) However, while Petitioner is correct that his present offense (failure to register as a sex offender) is not a violent felony and he is therefore not subject to the 15% credit limitation of California Penal Code section 2933.1(a), the credit calculation worksheet attached to his federal Petition indicates that he is in fact receiving good-time/work-time credits at the rate of 20% pursuant to California Penal Code section 667.5(c)(5), which limits the availability of good-time/work-time credits to offenders, like Petitioner, who are sentenced under the Three Strikes law.

*Tollett v. Henderson*, 411 U.S. at 267. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* In this case, Petitioner faced a possible sentence of 25 years to life under the Three Strikes law if found guilty of the charged offense and two strike priors. Petitioner instead bargained for a determinate term of six years in state prison. As part of the plea agreement, he initialed an item on the change of plea form reading:

> 10. My attorney explained to me that other possible consequences of this plea and any admission of any enhancement(s) and/or any prior conviction(s) may be: []
> (d) Reduced earning of custody credits.

(Lodgment 2 at 2.)

In determining whether a plea was knowingly, voluntarily, and intelligently made, reviewing courts accord a strong presumption of truth to declarations made by defendants in open court. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). These declarations constitute a formidable barrier in subsequent proceedings. *Id.* at 73-74. "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect , to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S. Ct. 2398, 162 L. Ed. 2d 143 (2005). Petitioner has simply made no showing that his plea was involuntary or that he was not advised that he would be ineligible for more than 20% good-time/work-time credits under California Penal Code section 667(c)(5) by virtue of his prior strike conviction. Accordingly, his claim must fail.

Petitioner's third claim, challenging the limitation on his accrual of good-time/work-time credits on the basis that his prior Strike conviction was neither pled nor proved is similarly lacking in factual support. In the information filed by the prosecutor, Petitioner was alleged to have two prior strike convictions. (Lodgment 1 at 1-2.) In his change of plea form, Petitioner expressly admitted the truth of a prior strike allegation. (Lodgment 2 at 1.) Consequently, Petitioner's claim is directly contradicted by the record and without merit.

Finally, Petitioner's claims that the limitation on his eligibility for good-time/work-time credits amounted to cruel and unusual punishment are without merit. (Pet. at 6, 8.) In the first

instance, Petitioner's claim is barred by virtue of his guilty plea. Petitioner expressly bargained for the six year sentence he received and was expressly informed by his attorney that his plea could result in a reduction of his eligibility for custody credits. Accordingly, any challenge to a constitutional defect in the plea and sentence is barred under *Tollett v. Henderson*, 411 U.S. at 267.

Moreover, Petitioner's claim fails on its face. A claim that a state prison sentence is cruel and unusual punishment is analyzed for gross disproportionality. *Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003); *Ewing v. California*, 538 U.S. 11, 20-21, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Locker v. Andrade*, 538 U.S. at 77. Petitioner was charged with failing to register as a sex offender and had previously been convicted of kidnapping in 1984 and attempted kidnapping in 1990. (Lodgment 1 at 1-2.) Had he not pled guilty, Petitioner was facing a possible term of 25 years to life in state prison. Considering the violent nature of Petitioner's criminal history, this was not the extraordinary case contemplated in *Andrade* and a determinate sentence of six years in state prison with a 20% limitation on good-time/work-time credits is not grossly disproportional so as to violate the Eighth Amendment.

**II.**

**PETITIONER'S SECOND CLAIM THAT HIS UPPER-TERM SENTENCE VIOLATED HIS RIGHT TO A JURY TRIAL UNDER CUNNINGHAM IS BARRED UNDER *TEAGUE* AND IS OTHERWISE MERITLESS**

In his second claim, Petitioner contends that the imposition of an upper-term sentence for his conviction for failing to register as a sex offender violated his right to a jury trial. (Pet. at 7.) In *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 860, 166 L. Ed. 2d 856 (2007), the United States Supreme Court held that California's procedure for selecting upper terms violated the defendant's Sixth and Fourteenth Amendment right to jury trial because it "assigns to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence." In the first instance, granting relief on Petitioner's claim would create a new rule, in violation of *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). Moreover, the United States Supreme Court has held that the fact of a prior conviction is an

exception to the rule that "'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Cunningham v. California*,127 S. Ct. 856, 864. As the existence of a single aggravating factor is legally sufficient to render a defendant eligible for an upper-term sentence under California law, *People v. Black*, 41 Cal. 4th 799, 813, 161 P.3d 1130, 62 Cal. Rptr. 3d 569 (Cal. 2007), Petitioner's prior convictions amply justified the three-year-upper-term-sentence he received, which was then doubled to six years pursuant to the Three Strikes law. His claim is without merit.

Dated: May 15, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General

s/ Daniel Rogers
DANIEL ROGERS
Deputy Attorney General

Attorneys for Respondent

80238504.wpd
SD2008700053