ORIGINAL

MIKE BREWER
F-25321,-A2-228-U,
C.V.S.P.,-BOX-2349,
BLYTHE, CA. 92226.

ATTORNEY FOR PETITIONER: IN PRO-SE.

FILED
JUN - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BREWER, PETITIONER, -V- JOHN SALAZAR, WARDEN, RESPONDENT. | CASE NO: 08-CV-0029-H(PCL) PETITIONER TRAVERSE TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; POINTS AND AUTHORITIES. |

MIKE BREWER, PETITIONER, MAKES THIS TRAVERSE TO RESPONDENT'S ANSWER TO HIS PETITION FOR WRIT OF HABEAS CORPUS AND ALLEGES AS FOLLOWS:

1. PARAGRAPH NUMBER 1. OF RESPONDENT'S ANSWER IS NOT TRUE; BECAUSE PETITIONER PLED [NOLO CONTENDERE] IN HIS CASE NUMBER FSB-050394 TO ONE COUNT OF FAILING TO REGISTER AS A SEX OFFENDER [CAL. PENAL CODE SECTION 290 (G) AND DID NOT ADMITTED TO A PRIOR CONVICTION.



CR

HOWEVER, PETITIONER COUNSEL MR. WILLIAM GEBBIE, WHO HE HIRED, ACCEPTED AND SECURED A PLEA DEAL WITH THE DEPUTY DISTRICT ATTORNEY FOR SIX (6) YEARS AT 50% IN STATE PRISON, SINCE IT'S NOT A VIOLENT CRIME AND THE EVIDENCE SHOWING THERE WAS "NO INTENT" OR "LACK OF INTENT TO COMMITTED THE CRIME."

2. PARAGRAPH NUMBER II. OF RESPONDENT'S ANSWER IS TRUE. PETITIONER COMPLIED TO 28 U.S.C. § 2244 (d).

3. PARAGRAPH NUMBER III. OF RESPONDENT'S ANSWER IS TRUE. PETITIONER COMPLIED TO 28 U.S.C. § 2254 (b)(1)(A).

4. PARAGRAPH NUMBER IV. OF RESPONDENT'S ANSWER IS TRUE. PETITIONER COMPLIED TO 28 U.S.C. § 2254 (d).

5. PARAGRAPH NUMBER V. OF RESPONDENT'S ANSWER IS NOT TRUE. PETITIONER HAS SHOWN IN THE STATE COURTS THAT HIS RIGHTS WAS/IS VIOLATED ON THESE SIDE GROUNDS, ESPECIALLY WITH HIS PAID ATTORNEY WHO WANTED TO TAKE THE CASE TO TRIAL, DUE TO THE FACTS IN THE CASE, PETITIONER BUSINESS PARTNER WAS VERY JEALOUS AND ENVY AS PETITIONER WAS ABOUT TO MARRY HIS GIRL-FRIEND, ALSO SHE WAS AWARE OF HIS PRIOR CRIME AND REGISTRATION REGUIREMENTS. HIS BUSINESS PARTNER LIED TO THE SAN BERNARDINO COUNTY LAW ENFORCEMENT OFFICERS ABOUT HE WAS MOVING AND NOT WANTED TO RE-REGISTER. "ONLY EVIDENCE ON THE CASE."

HOWEVER, PETITIONER CONFINEMENT IS LEGAL FOR HALF-TIME OF HIS SIX-YEARS. ANYTHING ELSE IS A VIOLATION OF HIS AGREEMENT.

6. PARAGRAPH NUMBER VI. OF RESPONDENT'S ANSWER IS NOT TRUE.

[A.] PETITIONER HAD A PAID ATTORNEY AT LAW WHO ACCEPTED AND SECURED A PLEA DEAL WITH THE DEPUTY DISTRICT ATTORNEY ASSIGNED TO THE CASE.

[B.] RESPONDENT'S CONCEDED/AGREED THAT HIS CASE [IS NOT A VIOLENT CASE.] SEE FOOT-NOTE #2 (LODGMENT 6. LINE).

[C.] RESPONDENT'S CONCEDED/AGREED WITH 20% PETITIONER SHOULD BE RECEIVING ACCORDING TO CDCR WORK-SHEET. HOWEVER, RESPONDENT'S IS WRONG. PETITIONER IS ONLY RECEIVING 15% GOOD-TIME/WORK-TIME CREDITS. SEE ATTACHMENT CDC-1897 E (04/00). #2. PLUS TIME IMPOSED. 6 AND #4. MINUS VESTED CREDIT. 15 . SEE ABOVE. SECTION B "OR 6 (15%) IF A SECOND-STIKE VIOLENT OFFENSE".

[D.] RESPONDENT'S STATED. "THE NINTH CIRCUIT HAS PREVIOUSLY HELD THAT CALIFORNIA PENAL CODE SECTION 2933. WHICH PROVIDES FOR 50% GOOD-TIME/WORK-TIME CREDITS FOR ELIGIBLE OFFENDERS" FOR NOT VIOLENT CASES THAT ENTERING STATE PRISON. (WHICH PETITIONER IS NOT). HOWEVER, RESPONDENT'S DID NOT

GAVE THE REASON WHY PETITIONER IS NOT ENTITLED TO RECEIVED 50% BUT ONLY 20% GOOD-TIME / WORK-TIME CREDITS. SEE PAGE #3 LINE 15 THRU 17.

[E.] THEREFORE, PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING TO RESOLVE HIS CLAIM AGREEMENT HE IS ENTITLED TOO, DUE TO THE FACTS HIS PRESENT CASE IS NOT A VIOLENT FELONY IN WHICH RESPONDENT'S CONCEDED / AGREED.

7. PARAGRAPH NUMBER VII. OF RESPONDENT'S ANSWER IS PARTLY CORRECT. PETITIONER CONFINEMENT IS LEGAL UP TO THREE YEARS. ANYTHING BEYOND THE 50% FOR A NONE VIOLENT CASE, IS A VIOLATION OF HIS U.S.C.A. 14 CONST. AMEND, AND WHAT WAS AGREED IN THE SENTENCING COURT WITH HIS PAID COUNSEL AND DEPUTY DISTRICT ATTORNEY WHO WAS ASSIGNED TO THE CASE.

8. PETITIONER INCORPORATES BY REFERENCE AND RESUB-MITS HIS PETITION FOR WRIT OF HABEAS CORPUS AS IF FULLY SET FORTH HEREIN; AND

9. PETITIONER ALSO INCORPORATES BY REFERENCE THE MEMORANDUM OF POINTS AND AUTHORITIES AND EXHIBIT TO HIS PETITION AND THIS TRAVERSE.

DATE: 5/29/2008

RESPECTFULLY SUBMITTED,

Mike Brewer

MIKE BREWER - PRO-SE

POINTS AND AUTHORITIES IN SUPPORT OF TRAVERSE TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

THE FACTS OF RECORD CONCERNING HIS NOLO CONTENDERE AGREEMENT ARE RECITED IN HIS WRIT. CITING REEVES, (2005) 35 CAL. 4TH 765. (CITATION). THE REEVES COURT IN 2005, CLARIFIED WHO CAN AND ENTITLED TO RECEIVED HALF--TIME CREDITS ACCORDING TO ITS RULING.

PETITIONER IS ENTITLED TO HIS HALF-TIME CREDIT AS THE DEPUTY DISTRICT ATTORNEY STATED IN COURT WHEN HE WAS SENTENCED. PRICE V. JOHNSTON, (1948) 334 U.S. 266 ; PEMBROOK V. WILSON, (9TH CIR. 1966) 370 F. 2d 37, 40.

THEREFORE [IF] PETITIONER PAID COUNSEL AND DEPUTY DISTRICT ATTORNEY WAS NOT RIGHT ABOUT HIS HALF--TIME CREDIT FOR NON-VIOLENT CRIME. THEN. THIS WOULD BE AN ERRONEOUS ADVICE TO HIM REQUIRES GRANTING AN APPROPRIATE RELIEF. GARMON V. LOCKHART, 938 F. 2d 120. (8TH CIR. 1991); YORDAN V. DUGGER, 909 F. 2d 474 (11TH CIR. 1990); HILL V LOCKHART, 877 F. 2d 698 (8TH CIR. 1989, ALSO [IF] THE SENTENCING COURT WAS AWARE PETITIONER WAS NOT ENTITLED TO RECEIVED HIS HALF-TIME CREDIT IN PRISON THIS ALSO WOULD WARRANTED HIS WRIT BE GRANTED. SEE BLAIR V. MC CARTHY, 881 F. 2d 602 (9TH CIR. 1985).

HOWEVER, THE STATE COURTS RULINGS IN THIS PRESENT CASE DIRECTLY CONFLICTS WITH THE DECISION THE

JUSTICES IN REEVES (2005) 35 CAL. 4TH 765, AND 28 U.S.C § 2254 (d)(1). IN WHICH THE COURT DECIDED THAT A CONVICTION CASE, [IF] IT'S NOT A VIOLENT CRIME, HE/SHE COMMITTED, THEN HE/SHE IS ENTITLED TO THE HALF-TIME CREDIT.

. PETITIONER RESPECTFULLY REQUESTS THAT THIS COURT GRANT THE PETITION OR REMAND IS REQUIRED TO DETERMINE WHETHER HE WAS PREJUDICED, FURTHER PROCEEDING, INCLUDING EVIDENTIARY HEARING. (CITATION). OR GRANT PETITIONER THE APPROPRIATE RELIEF NEEDED.

## CONCLUSION

WHEREFORE, FOR THE REASONS SET FORTH WITHIN AND ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES, HE IS RESPECTFULLY REQUESTS THAT THIS COURT GRANT HIM HIS 50% HALF-TIME CREDIT THAT IS DUE TO HIM AS HIS CASE IS NOT A VIOLENT CRIME, PETITIONER HAS BEEN COMPLYING ALL THESE YEARS WITH THE REGISTRATION REQUIREMENTS, DID NOT COMMITTED ANY OTHER CRIME(S) SINCE HE WAS RELEASE FROM PRISON IN 1990 NOW WHERE IS JUSTICE? OR SPIRIT OF THE LAW?

DATE: 5/29/2008

RESPECTFULLY SUBMITTED,

Mike Brewer

MIKE BREWER- PRO-SE.

# ATTACHMENT

FORM - CDC-1897E (04/00)

STATE OF CALIFORNIA
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E (04/00)

DEPARTMENT OF CORRECTIONS

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense.

### Section A - Original EPRD Calculation

1. Start Date — 5.16.06

[redacted] + 6

= 5.16.12

3. Minus Pre/Postsentence Credit − 465

= 2.6.11

[redacted] − 15

[PC 667(e) divide by 2]
[PC 2933.1 divide by 5.66]
(round down) = 1.22.11

5. Plus Dead Time + —
6. Equals Maximum Date = 1.22.11
7. Minus Start Date (Line 1) − 5.16.06
8. Equals days to serve = 1712
9. Minus Dead Time − —
10. Equals Days Where Credit May Be Applied = 1712
11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) = 342
12. Maximum Date (Line 6) 1.22.11
13. Minus CDC Conduct Credit (Line 11) − 342
14. Equals Original EPRD = 2.14.10

### [redacted] Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD)

| From | Thru* | Number of Days** |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

Total Days "C" and/or "D2" From Start Date to Original EPRD ______

Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) = ______

*If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date.

**Number of Days equals "THRU" date minus "FROM" date plus 1 day.

### Section C - Credit Losses and Restorations

| Date of CDC 115 | Loss | Restored | Net Loss |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Net Credit Losses ______

### Section D: Calculating Adjusted EPRD

1. Original EPRD (from Section A, Line 14) ______
2. Plus Credit Not Applied While C/D2 (from Section B) + ______
3. Plus Net Credit Lost (from Section C) + ______
4. Equals Adjusted EPRD (cannot exceed Maximum Date): = ______
5. Minus Maximum Date (from Section A, Line 6) ______
6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** ______

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) | | DATE |
|---|---|---|
| M. Neprez, CCRA | | 11.29.06 |
| INMATE'S NAME | CDC NUMBER | LOCATION |
| Brewer, Michael | F25321 | CVSP |

STATE OF CALIFORNIA )
: ss
COUNTY OF RIVERSIDE )

PROOF OF SERVICE BY PERSON IN STATE CUSTODY

I, MIKE BREWER, the undersigned, certify, and do declare that I am over the age of 18 years, incarcerated at Chuckawalla Valley State Prison, located at Blythe, CA and a party / not a party to the attached foregoing cause of action. On 5/29/ 2008, I did serve a true copy of:

PETITIONER TRAVERSE TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; POINTS AND AUTHORITIES.

[X] by depositing it in a prison mail box in a sealed envelope, or [X] by handing it to institutional staff in a sealed envelope, along [X] with Inmate Trust Account Withdrawal Order Form attached to it requesting that postage be fully prepaid, or [ ] with postage affixed thereto for deposit in the United States Mail pursuant to California Code of Regulations Sections 3142 and 3165; addressed to the following:

CLERK OF THE COURT.

EDMUND G. BROWN JR.
ATTORNEY GENERAL.
DANIEL ROGERS,
DEPUTY ATTORNEY GENERAL,
110 W. A ST, # 1100,
SAN DIEGO, CA 92101.

Intended place of mailing: U.S. Post Office, at Blythe, California.

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and belief. Executed on 5/29/08 2008

Mike Brewer
PETITIONER/DECLARANT IN PRO PER