1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12  **MIKE BREWER,**                                    08cv29 H (PCL)

13                                    Petitioner,       **REPORT AND**
                                                        **RECOMMENDATION RE:**
14             **v.**                                   **DENYING PETITIONER'S**
                                                        **PETITION FOR WRIT OF**
15  **JOHN SALAZAR, Warden,**                           **HABEAS CORPUS**

16                                    Respondent.

17

18                          **I.  INTRODUCTION**

19      Brewer ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus ("Petition")

20  pursuant to 28 U.S.C. § 2254, challenging various aspects of his sentencing. (Doc. No. 1.)  In

21  response, Salazar ("Respondent") filed an answer, arguing that Petitioner fails to raise viable

22  federal claims, which, even if considered, are meritless. (Doc. No. 9.)  Petitioner then filed a

23  traverse.  (Doc. No. 10.)  After a review of the moving papers and record, for the reasons set

24  forth herein, it is recommended that Petitioner's request for writ of habeas corpus be DENIED.

25  ///

26  ///

27  ///

28  ///

## II. STATE PROCEDURAL BACKGROUND

On April 14, 2006, Petitioner pled guilty to one count of failing to register as a sex offender (Cal. Penal Code § 290(g)(2) and admitted a prior conviction under the Three Strikes law (Cal. Penal Code § § 667(b)-(I), 1170.12(a)-(d)).[1]  (Lodgments 2, 3.)  Petitioner was sentenced to six years in prison.  (Lodgment 4.)

Subsequently, Petitioner filed a petition for writ of habeas corpus with the Superior Court, on February 27, 2007.  (Lodgment 5.)  On March 6, 2007, the Superior Court denied the petition.  (Lodgment 6.)  Petitioner tried again, and filed a second petition with the Superior Court, on March 21, 2007, which was also denied.  (Lodgments 7, 8.)

On April 17, 2007, Petitioner, seeking to bolster his previous petitions, lodged supplemental documents with the Superior Court.  The Superior Court treated the new filing as a motion to reconsider, and denied Petitioner's request for a third time, on May 11, 2007.  (Lodgments 9.)

In early April of 2007, Petitioner also filed a petition for writ of habeas corpus with the California Court of Appeal. (Lodgment 10.)  On April 19, 2007, the Court of Appeal denied the petition.  (Lodgment 11.)

On May 3, 2007, Petitioner appealed to the California Supreme Court for habeas relief, and was denied six months later.  (Lodgments 12, 13.)

Lastly, on January 4, 2008, Petitioner filed a petition for the writ of habeas corpus with the U.S. District Court.  (Doc. No. 1.)

## III. STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

1. Petitioner contends that he pled *nolo contendere* and did not admit to a prior felony conviction.  (Doc. No. 10 at 1.)  The state record, which includes an oft-initialed and signed declaration by Brewer, refutes him.  (Lodgments 2, 3.)

1   28 U.S.C.A. § 2254(a) (West 2006). As amended, 28 U.S.C. § 2254(d) reads:

2         (d) An application for a writ of habeas corpus on behalf of a person in custody

3         pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

4         (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

5         Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of

6         the facts in light of the evidence presented in the State court proceeding.

7   28 U.S.C.A. § 2254(d)(1)-(2) (West 2006).

8      "AEDPA establishes a 'highly deferential standard for evaluating state-court rulings, which

9   demands that state-court decisions be given the benefit of the doubt.' " <u>Womack v. Del Papa</u>,

10   497 F.3d 998, 1001 (9th Cir.2007) (quoting <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24 (2002)). To

11   obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). <u>See</u>

12   <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as

13   follows:

14         Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

15         question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable

16         application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

17         unreasonably applies that principle to the facts of the prisoner's case.

18   <u>Williams</u>, <u>id.</u> at 412-13; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73-74 (2003).

19      Where there is no reasoned decision from the state's highest court, the Court "looks

20   through" to the underlying appellate court decision. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-06,

21   (1991).  If the dispositive state court order does not "furnish a basis for its reasoning," federal

22   habeas courts must conduct an independent review of the record to determine whether the state

23   court's decision is contrary to, or an unreasonable application of, clearly established Supreme

24   Court law.  <u>See</u> <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir.2000) (overruled on other grounds

25   by <u>Lockyer</u>, 538 U.S. at 75-76); <u>accord</u> <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir.2003).

26   A state court, however, need not cite Supreme Court precedent when resolving a habeas corpus

27   claim. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of

28   the state-court decision contradicts [Supreme Court precedent,]" <u>id.</u>, the state court decision will

08cv29 H

1    not be "contrary to" clearly established federal law. Id.

2                                **IV.  DISCUSSION**

3    A.  Constitutional Due Process & Custody Credits

4         Petitioner, who, to repeat,  is serving a six-year sentence, claims he is receiving 15% good-

5    time, or worktime, custody credits.  (Doc. No. 1.)  Petitioner argues he entered into his plea

6    bargain with the understanding that he would receive 50% good-time custody credits, thereby

7    decreasing his stay in prison to three years. (Id.)  The subsequent discount in his good-time

8    custody credit rate, based on a statute that limits good-time credits for felons (Cal. Penal Code §

9    2933.1), Petitioner continues, was in error as the statute does not apply to him and violated his

10   due process rights.

11       Good-time custody credits are provided for in California Penal Code § 2933.[2]  Section

12   2933.1(a) limits the generosity of Section 2933, decreeing that "any person who is convicted of a

13   felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of

14   worktime credit."  Respondent agrees that Section 2933.1(a) does not apply to Petitioner, and

15   argues that it has not been applied, noting Petitioner is actually receiving 20% good-time custody

16   credits.[3]  (Doc. No. 9-2 n. 2.)

17   _____

18       2.  California Penal Code § 2933(a) reads, in part:

19   Worktime credits shall apply for performance in work assignments and performance in elementary,
     high school, or vocational education programs. Enrollment in a two-or four-year college program

20   leading to a degree shall result in the application of time credits equal to that provided in Section
     2931. For every six months of full-time performance in a credit qualifying program, as designated

21   by the director, a prisoner shall be awarded worktime credit reductions from his or her term of
     confinement of six months. A lesser amount of credit based on this ratio shall be awarded for any

22   lesser period of continuous performance. Less than maximum credit should be awarded pursuant
     to regulations adopted by the director for prisoners not assigned to a full-time credit qualifying

23   program.

24
         3.   The Superior Court touched on the topic twice.  In response to Petitioner's habeas

25   petition, in its March 6, 2007 order, the court held that "the record in case no. FSB 050344 reveals
     that Petitioner is a convicted kidnapper and sex offender.  He is entitled to no more than 15%

26   custody credit."  (Lodgment 6)(emphasis added.)  Then in its April 2, 2007 order, on Petitioner's
     motion to reconsider, the Superior Court recharacterized Petitioner's contention as "being

27   improperly denied custody credits, in that he is receiving only 20% not 50%, citing the Reeves case
     at Cal. 4th 765." (Lodgment 8)(emphasis added.)  Despite the alteration in Petitioner's claimed

28   custody credit rate, (i.e., the increase to 20% custody credits from 15%), the court relied upon its

                                            4                              08cv29 H

Regardless of the exact percentage, the dispute is not for this Court to decide. The Due Process Clause of the U.S. Constitution provides that no state shall "deprive any person ... of liberty... without due process of law...." U.S. Const. Amend. XIV, § 1. To invoke the Due Process Clause a protectable liberty interest must be at stake. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Although the Due Process clause itself does not create a liberty interest in early release credits, Wolff v. McDonnell, 418 U.S. 539, 557 (1974), a liberty interest can be created by state action. Meachum v. Fano, 427 U.S. 215, 226-227 (1976). California in Section 2933(b)(2), however, provides that "worktime credit is a privilege, not a right." The Ninth Circuit has similarly endorsed this view, Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986), and iterated it, Kalka v. Vasquez, 867 F.2d 546, 547 (1989). Without a liberty interest at stake, Petitioner's due process claim fails, foreclosed by Toussaint. See Kalka, 867 F.2d at547. The misallotment of application credits, as evidenced by Petitioner's lone citation, to In re Reeves, 35 Cal. 4th 765 (2005), is a state issue, and must be decided by California courts. See Langford v. Day, 110 F.3d 1380 (9th Cir. 1996)(a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process")).

Nonetheless, Petitioner's first claim is not wholly without Constitutional bite. A cogent due process claim can be found in Petitioner's allegation that he agreed to plead guilty because he was promised by the deputy district attorney and his counselor that he would only serve three years of a six-year sentence. A guilty plea must be intelligent and "the voluntary expression of [the defendant's] own choice." Brady v. United States, 397 U.S. 742, 747-48 (1970). It may not be induced by threats or coercion. Id. at 750. A guilty plea is invalid if it is "induced by promises or threats which deprive it of the nature of a voluntary act." Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986) (quoting Machibroda v. United States, 368 U.S. 487, 493 (1962)). Further, coercion may be applied not only by the state, but also by defendant's counsel. Iaea, 800 F.3d at 867.

However, in determining whether a plea was voluntarily and intelligently made, "solemn

---

original analysis, writing: "The first contention was dealt with in a previous order date March 6, 2007. That petition was denied as meritless. This petition has no merit either." (Lodgment 8.)

1   declarations in open court carry a strong presumption of verity.".  Blackledge v. Allison, 431

2   U.S. 63, 74 (1977).  These declarations "constitute a formidable barrier" in subsequent

3   proceedings.  Id. at 73-74.  "[A] plea's validity may not be collaterally attacked merely because

4   the defendant made what turned out, in retrospect, to be a poor deal."  Bradshaw v. Stumpf, 545

5   U.S. 175, 186 (2005).

6       The allegations in this case are vague, intimated rather than plainly stated, and unsupported.

7   Petitioner's specific complaint is that "while in court with counsel's [sic], the Deputy District

8   Attorney (D.D.A.) and [Petitioner's attorney] approved a 6 years [sic] plea deal with the

9   understanding inmates entering state prison... have been given 50% on their sentence, providing

10  [any previous felonies they committed were] not...violent crime[s]."  (Doc. No. 1 at 6.)    Even

11  if Petitioner is taken at his word, which he has failed to buttress with documentation, and all the

12  above is true, Petitioner was not promised custody credits or a three-year sentence.[4]  At most, by

13  Petitioner's own description, a sentence truncated by good behavior, or work, was discussed as a

14  possibility under California law.  On the other hand, Petitioner signed a plea agreement

15  accepting an unqualified six-year prison sentence.  (Lodgment 2)  In that agreement Petitioner

16  initialed Section 10, acknowledging that his "attorney explained to [him] that other possible

17  consequences of this plea and any admission of any enhancement(s) and/or any prior

18  conviction(s) may be: reduced earning of custody credits."  (Id. at 2.)

19      The weight of the evidence, increased by the assumption in the verity of pleas,  is

20  overwhelmingly in favor of Petitioner's plea having been both intelligent and voluntary.  As

21  such, the Court recommends that claim one be DENIED.

22  B.    Sentence Enhancements & the Sixth Amendment

23      Next, Petitioner argues that his sentence was improperly enhanced by factors not found true

24  by a jury.  (Doc. No. 1 at 7.)  In doubling his sentence to six years, the judge imposed an upper-

25

26      4. In the arguments for Petitioner's second claim, he does provide a more direct accusation
    against his counselor: "Mr. William Gebbie, attorney at law, lied to [Petitioner, saying] that [the]

27  'D.D.A. will give him a life sentence or the full maximum sentence if the case goes to trial due to
    his prison priors. Accepting the plea deal and C.D.C.R. given 50% credit sentence it's a good plea

28  deal to signed [sic] now.'" (Doc. No. 1 at 7.)   A bare accusation, though, is not enough to impugn
    the integrity of his plea. See Bradshaw, 545 U.S. at 186.

1 term sentence based on Petitioner's failure to register as a sex offender, as allowed by

2 California's Three Strikes law.  Petitioner contends that this prior conviction should have been

3 found by a jury.

4      The Sixth Amendment requires that "in all criminal prosecutions, the accused shall enjoy

5 the right to a speedy and public trial."  U.S. Const. Amend. IV.  Relying on the Sixth

6 Amendment, the U.S. Supreme Court "has repeatedly held that... any fact that exposes a

7 defendant to a greater potential sentence must be found by a jury, not a judge, and established

8 beyond a reasonable doubt."  Cunningham v. California, 127 S. Ct. 856, 863 (2007).   However,

9 there is a venerable exception to this rule: a prior conviction may be used to enhance a sentence.

10 Id. at 864.  As discussed in footnote one, Petitioner admitted to a prior conviction.  (See

11 Lodgments 2-3.)  Accordingly, the sentencing judge's reliance upon Petitioner's prior conviction

12 did not run afoul of Cunningham or the U.S. Constitution.

13      This Court recommends that claim two be DENIED.

14 C.   Sentencing & the Eighth Amendment

15      Lastly, Petitioner argues that his six-year sentence, or at least the 20% limitation on his

16 custody credits, in light of his exemplary behavior since 1993, amounts to cruel and unusual

17 punishment.  (Doc. No. 1.)  Respondent highlights the obvious point that "Petitioner expressly

18 bargained for the six year sentence he received and was expressly informed by his attorney that

19 his plea could result in a reduction of his eligibility for custody credits."  (Doc. No. 9-2 at 4.)

20 Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), forecloses consideration of pre-plea

21 constitutional deprivations.  By pleading guilty, or *nolo contendere*, Petitioner waived his Eighth

22 Amendment objections to the agreed upon sentence.  See Haring v. Prosise, 462 U.S. 306, 319-

23 20 (1983).

24      Even if evaluated against Eighth Amendment jurisprudence, Petitioner's claim is without

25 merit.  "The Eighth Amendment does not require strict proportionality between crime and

26 sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the

27 crime."  Ewing v. California, 538 U.S. 11, 23 (2003).  In determining whether a sentence is

28 grossly disproportionate under a recidivist sentencing statute, such as California's Three Strikes

1  law, the court looks to whether such an "extreme sentence is justified by the gravity of [an

2  individual's] most recent offense and criminal history." Ramirez v. Castro, 365 F.3d 755, 768

3  (9th Cir. 2004).

4        Again, Respondent succinctly summarizes the obvious counterpoint to the claim of a

5  grossly disproportionate sentence: "Petitioner was charged with failing to register as a sex

6  offender and had previously been convicted of kidnaping in 1984 and attempted kidnaping in

7  1990. (Lodgment 1 at 1-2.) Had he not pled guilty, Petitioner was facing a possible term of 25

8  years to life in state prison." With Petitioner's past history in mind, a sentence of six years in

9  prison, even with a 20% limitation on custody credits, simply is not grossly disproportionate.

10  Longer sentences have been imposed for less and found to be Constitutional. E.g., Rummel v.

11  Estelle, 445 U.S. 263 (1980)(Life sentence imposed following defendant's third felony

12  conviction for obtaining $120.75 did not constitute cruel and unusual punishment).

13        In summary, Petitioner's third claim fails on the merits and is barred by Tollett. The Court

14  recommends it be DENIED.

15                                  **RECOMMENDATION**

16        IT THEREFORE IS RECOMMENDED that the District Court issue an Order directing that

17  Judgment be entered DENYING the Petition.

18        IT IS ORDERED that, no later than September 29, 2008, any party to this action may file

19  written objections with the Court and serve a copy on all parties. The document should be

20  captioned "Objections to Report and Recommendation." Any reply to objections shall be filed

21  on or before October 13, 2008. The Parties are advised that failure to file objections within the

22  specified time may waive the right to raise objections on appeal of the Court's order. See Turner

23  v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24        IT IS SO ORDERED

25  DATED: August 27, 2008

26

27                                              _____
                                                Peter C. Lewis
28                                              U.S. Magistrate Judge
                                                United States District Court

                                        8                                    08cv29 H