1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MIKE BREWER,                                    CASE NO. 08cv0029-H (PCL)

12                              Petitioner,          **ORDER ADOPTING REPORT**
                                                     **AND RECOMMENDATION FOR**
13          vs.                                      **WRIT OF HABEAS CORPUS**

     JOHN SALAZAR, Warden,
14
                               Respondent.
15

16          On January 4, 2008, Mike Brewer ("Petitioner"), a California prisoner proceeding pro

17   se, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging various

18   aspects of his sentencing.  (Doc. No. 1.)  On May 15, 2008, John Salazar ("Respondent"),

19   Warden of Chuckawalla Valley State Prison, filed his Answer in Opposition and Memorandum

20   of Points and Authorities.  (Doc. No. 9.)  On June 4, 2008, Petitioner filed his Traverse to

21   Respondent's Answer. (Doc. No. 10.) On August 27, 2008, the Magistrate Judge filed a Report

22   and Recommendation, recommending that this Court deny Petitioner's Petition for writ of

23   habeas corpus.  (Doc. No. 11.)

24          For the reasons set forth below, the Court ADOPTS the Report and Recommendation,

25   and DENIES Petitioner's Petition for writ of habeas corpus.

26   ///

27   ///

28   ///

1          **<u>Background</u>**

2    **A.      Procedural History**

3          On April 14, 2006, Petitioner pled guilty[1] to one count of failing to register as a sex

4    offender under Cal. Penal Code § 290(g)(2).  Petitioner also admitted prior convictions under

5    the California Three Strikes Law for kidnaping and sexual offenses.  See Cal. Penal Code §§

6    667(b) and 1170.12(a)-(d).  (Lodgments 2, 3.)  Petitioner was then sentenced to six years in

7    prison.  (Lodgment 4.)

8          On February 27, 2007, Petitioner filed a petition for writ of habeas corpus with the

9    California Superior Court.  (Lodgment 5.)  The Superior Court denied the petition on March 6,

10   2007, noting that Petitioner provided no record to substantiate his claims.  (Lodgment 6.)  On

11   March 21, 2007, Petitioner filed a second petition with the Superior Court, which was also

12   denied on April 2, 2007.  (Lodgments 7, 8.)  Petitioner then filed supplemental documents with

13   the Superior Court on April 17, 2007 in an effort to further support his previous petitions.  After

14   treating the new filing as a motion to reconsider, the Superior Court denied the petition on May

15   11, 2007.  (Lodgment 9.)

16         Petitioner subsequently filed a petition for writ of habeas corpus with the California

17   Court of Appeal on April 12, 2007.  (Lodgment 10.)  The petition was denied without comment

18   or citation on April 19, 2007 (Lodgment 11.)  On May 3, 2007, Petitioner appealed to the

19   California Supreme Court (Lodgment 12), which denied the petition on October 31, 2007

20   without comment or citation.  (Lodgment 13.)

21         On January 4, 2008, Petitioner filed this Petition for writ of habeas corpus with the

22   United States District Court for the Southern District of California.  (Doc. No. 1 at 1.)

23   Petitioner alleged that (1) his due process rights under Fourteenth Amendment to the Federal

24   Constitution were violated because he did not receive 50% good-time, or work-time, custody

25   credits, even though he was told that he would receive such credit; (2) his rights under the

26   Eighth Amendment to the Federal Constitution were violated because his sentence, absent the

27   _____

28         [1]Petitioner contends in Traverse that he pled *nolo contendere* as opposed to guilty.  However, the record demonstrates that Petitioner pled guilty, as evidenced by his initialed plea agreement and petitions for writ of habeas corpus.  (Lodgments 3, 5, 7, 10.)

50% work-time custody credit, amounted to cruel and unusual punishment; and (3) his rights under the Sixth Amendment to the Federal Constitution were violated because his sentence was improperly enhanced based on factors not found by a jury.  (Doc. No. 1 at 6-10.)

<strong><u>Discussion</u></strong>

**A.      Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d) to provide the following standard of review applicable to state court decisions:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

For Petitioner to obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2).  The United States Supreme Court has stated that a federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if the state court either (1) "arrives at a conclusion opposite to that reached by this Court on a question of law," or (2) "decides a case differently than this Court has on a set of materially indistinguishable facts."  <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000).  A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 412-13.

The state court's factual determinations are presumed to be correct and the petitioner has

1    the burden of rebutting this presumption by clear and convincing evidence.   28 U.S.C. §

2    2254(e)(1).   Because AEDPA creates a highly deferential standard towards state court rulings,

3    state court decisions should be given the benefit of the doubt.   Womack v. Del Papa, 497 F.3d

4    998, 1001 (9th Cir. 2007).

5    **B.      Petitioner's Fourteenth Amendment Claim.**

6          Petitioner first contends that his due process rights under the Fourteenth Amendment to

7    the Federal Constitution have been violated because he has been deprived of 50% work-time

8    credit under Cal. Penal Code § 2933(a).   The Court concludes that Petitioner's rights have not

9    been violated because work-time credit is not a liberty interest protected by the Fourteenth

10   Amendment.   Wolff v. McDonnell, 418 U.S. 539 (1974).   Therefore, the Court DENIES the

11   Petition on this ground.

12         Invocation of Fourteenth Amendment Due Process protection requires that a protectable

13   liberty interest be at stake.   See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S.

14   1, 7 (1979).   A liberty interest must arise from state law or the due process clause itself.

15   Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir. 1986).   The California legislature did not

16   intend for work-time credits to be a protected liberty right because the statute indicates that

17   work-time credit is a privilege, not a right.   Cal. Penal Code § 2933(b)(2).   This is further

18   supported by statutory language indicating that prisoners should be given a "reasonable

19   opportunity" to participate in the work-time credit program, thus demonstrating that the

20   legislature did not intend for work-time credit to be a liberty interest or right.   Cal. Penal Code

21   § 2933(b).   See Touissant, 801 F.2d 1095.   Generally legislators do not intend to create liberty

22   interests in their rehabilitation programs in prison; rather, work-time or good-time credits

23   provide discretion so that authorities can be flexible with individual cases, as opposed to

24   providing entitlements to the prisoner.   See McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir.

25   1991).   Accordingly, California law does not provide that work-time credit is a liberty interest,

26   and therefore Petitioner's claim fails on this point.

27         In addition, the Due Process Clause of the Fourteenth Amendment does not recognize

28   a liberty interest in work-time credit.   Wolff v. McDonnell, 418 U.S. 539, 557 (1974).   Wolff

1   recognizes that while the Due Process Clause itself may not recognize a liberty interest in work-

2   time credit, state action can create such a right.  Id.  However, as noted above, the State's

3   statutory scheme provides that work-time credit is a privilege, not a right, Cal. Penal Code §

4   2933(b)(2), and therefore the State has not created a liberty interest cognizable of Fourteenth

5   Amendment protection.  Accordingly, the Court finds that Petitioner has no liberty interest as

6   stake, and therefore DENIES the Petition on this ground.

7   **C.      Petitioner's Eighth Amendment Claim.**

8          Petitioner next contends that a 15% limitation on work-time credit constitutes cruel and

9   unusual punishment under the Eighth Amendment to the Federal Constitution because such an

10  imposition would result in a six-year prison term as opposed to a three-year prison term that

11  Petitioner expected. (Doc. No. 1 at 10.)  The Court finds Petitioner's Eighth Amendment claim

12  without merit, and therefore DENIES the Petition on this ground.

13         First, Petitioner's voluntary and informed guilty plea effectively precludes review of any

14  infringement of his constitutional rights that pre-dated the plea.  See Tollett v. Henderson, 411

15  U.S. 258, 267 (1973).  A defendant's admission in open court should be accorded a strong

16  presumption of validity when the defendant's plea was voluntary and intelligently made.  See

17  Brady v. United States, 397 U.S. 742, 747-48 (1970); Blackledge v. Allison, 431 U.S. 63, 74

18  (1977). When Petitioner admitted in open court that he was in fact guilty of the offense with

19  which he was charged, Petitioner cannot thereafter raise independent claims relating to the

20  deprivation of his constitutional rights that occurred prior to the entry of the plea.  See Tollett,

21  411 U.S. at 267.

22         In the present case, Petitioner admitted to his guilt in court and signed a plea agreement.

23  Petitioner has not provided any evidence beyond speculative allegations that his guilty plea was

24  uninformed.  In his plea agreement with the State, Line 10 indicated that Petitioner's attorney

25  explained to Petitioner "other possible consequences" of his plea and any admission of prior

26  convictions. (Lodgment 2 at 2.)  Among "other possible consequences" specifically indicated

27  was a reduced earning of custody credits.  (Lodgment 2 at 2.)  Line 19 of Petitioner's plea

28  agreement indicated that Petitioner had ample time to consult with his attorney on his plea and

admission of prior convictions.  (Lodgment 2 at 3.)  Both lines of the plea agreement were initialed by Petitioner.  (Lodgment 2 at 2, 3.)  Based on the plea agreement, and Petitioner's voluntary admission in open court of prior convictions, a strong presumption exists in favor of a voluntarily and intelligently made plea.  See Brady, 397 U.S. at 747-48.  Petitioner has presented no evidence to rebut this presumption, other than unsupported allegations.  However, the fact that Petitioner's plea agreement did not turn out as well as he would have liked is insufficient to attack the validity of Petitioner's plea.  See Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005).

Additionally, Petitioner's claim of cruel and unusual punishment fails on the merits.  The United States Supreme Court notes that the Eighth Amendment embodies a narrow proportionality principle for non-capital offenses.  Ewing v. California, 538 U.S. 11, 20 (2003); see Ramirez v. Castro, 365 F.3d 755, 762-3 (9th Cir. 2004).  Sentences that are "grossly disproportionate" to the crime invoke Eighth Amendment scrutiny.  Ewing, 538 U.S. at 23.  The "grossly disproportionate" standard is invoked only in the exceedingly rare and extreme case. Id.  When determining if a sentence is grossly disproportionate, courts may examine whether the sentence is justified based not only on the present crime but also on the defendant's criminal history.  Ramirez, 365 F.3d at 768.

In the present case, Petitioner was previously convicted as a kidnaper and sex offender. (Lodgments 1, 2.)  This constituted two strikes under California's Three Strikes Law, and Petitioner's current offense, also a felony, would have constituted a third strike and subjected Petitioner to the statutory sentence of 25 years to life in state prison.      See Cal. Penal Code §§ 667(b) and 1170.12(a)-(d).  Given Petitioner's past criminal history, the current imposed sentence of six years compared to a potential non-plea sentence of 25 years to life, and Petitioner's informed guilty plea, a sentence of six years, reduced by a 15-20% work-time credit, is clearly not grossly disproportionate under the Eighth Amendment.  Accordingly, the Court DENIES the Petition on this ground.

///

///

**D.     Petitioner's Sixth Amendment Claim**.

Petitioner next contends that his rights under the Sixth Amendment to the Federal Constitution were violated because the three-year sentence he believed he should have received was increased to six years based on prior convictions, and factors that increase a defendant's sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt. (Doc. No. 1 at 9.)   The Court finds that the state court did not violate Petitioner's Sixth Amendment rights by considering Petitioner's prior convictions, and therefore the Court DENIES the Petition on this ground.

In <u>Cunningham v. California</u>, 549 U.S. 270 (2007), the Supreme Court noted that any fact that increases the penalty for a crime beyond the statutory maximum must be found by a jury beyond a reasonable doubt.  549 U.S. at 281.  The Court observed, however, that "any fact" does not include prior convictions.  <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 475 (2000).  Under California law, even one aggravating factor is sufficient to render a defendant eligible for an upper-term sentence, <u>People v. Black</u>, 41 Cal.4th 799, 813, 161 P.3d 1130 (Cal. 2007), and a prior conviction constitutes a legally sufficient aggravating factor.  Cal. Rules of Court, Rule 4.421(b).

In the present case, Petitioner admitted in open court to prior felony convictions. (Lodgments 1, 2.)  This admission is a legally sufficient aggravating factor to consider in sentencing.  Cal. Rules of Court, Rule 4.421(b).  Therefore, Petitioner's prior convictions not only justify the three-year sentence he believed he should have received, but the prior convictions also justify increasing the sentence to six years because the prior convictions, admitted in open court by Petitioner, constitute aggravating factors that the trial court could properly consider.  Accordingly, the Court DENIES the Petition on this ground.

///

///

///

///

**Conclusion**

For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Petitioner's Petition for writ of habeas corpus, and DENIES Petitioner's request for an evidentiary hearing.

IT IS SO ORDERED.

DATED:   May 20, 2009

_____

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.